NOTE: CHANGES MADE BY THE COURT

Squire Patton Boggs (US) LLP
Hannah J. Makinde (State Bar # 307907)
hannah.makinde@squirepb.com
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone:  +1 213 624 2500
Facsimile:   +1 213 623 4581

Amy Brown Doolittle
(admitted pro hac vice)
amy.doolittle@squirepb.com
2550 M Street, NW
Washington, District of Columbia 20037
Telephone:  +1 202 457 6000
Facsimile:   +1 202 457 6315

Petrina A. McDaniel
(admitted pro hac vice)
petrina.mcdaniel@squirepb.com
1230 Peachtree Street, NE
Suite 2200
Atlanta, Georgia 30309
Telephone:  +1 678 272 3200
Facsimile:   +1 678 272 3211

Attorneys for Defendant
ALBERTSONS COMPANIES INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ANTHONY KAMEL, individually and
on behalf of a class of other similarly
situated individuals,

     Plaintiff,

v.

ALBERTSONS COMPANIES, INC.,
a Delaware corporation,

     Defendant.

**Case No.: 8:24-cv-00270-CJC-KES**

**STIPULATION AND PROTECTIVE ORDER**

**CLASS ACTION**

- 1 -

1101088450\5\AMERICAS

## STIPULATION AND PROTECTIVE ORDER

Plaintiff ANTHONY KAMEL ("Plaintiff") and Defendant ALBERTSONS COMPANIES, INC. ("Defendant" or "Albertsons") (collectively, the "Parties") anticipate that discovery in the above-captioned matter is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate and petition the Court to enter this Stipulation and Protective Order.  The Parties acknowledge that this Stipulation and Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge that this Stipulation and Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

**GOOD CAUSE STATEMENT.**  Good cause exists for this Stipulation and Protective Order because this action is likely to involve the disclosure of confidential, commercial, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such information may consist of, among other things, confidential commercial information, information regarding confidential business practices, other commercial information (including information implicating privacy rights of third parties), or information otherwise generally unavailable to the public. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good

1101088450\5\AMERICAS

faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**IT IS HEREBY STIPULATED** by and between the Plaintiff, individually and on behalf of a class of other similarly situated individuals, and Defendant, by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

1.      In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

a.      "Proceeding" means the above-entitled proceeding Anthony Kamel v. Albertsons Companies Inc, a Delaware corporation, United States District Court for the Central District of California, Case No: 8:24-cv-00270-CJC-KES.

b.      "Court" means the Honorable Cormac J. Carney, Magistrate Judge Karen E. Scott, and any other judge to which this Proceeding may be assigned, including Court staff.

c.      "Confidential" means any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law, which includes, but is not limited to, (a) the Parties' trade secrets or other non-public confidential information; (b) any nonparty business entity's trade secrets or other sensitive non-public confidential information; (c) non-public information implicating the privacy rights of third parties; and/or (d) any nonparty information the secrecy of which a Party has a duty to protect.

d.      "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

e.      "Designating Party" means the Party that designates materials as "Confidential."

f.      "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available materials, or any part thereof, or any information contained therein.

g.    "Documents" means (i) all things discoverable as a document under the law, including all forms of electronically-stored information ("ESI") in any medium, such as emails, word-processing files, database files and information, spreadsheets, pdfs, digital images and digital audio files, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

h.    "Information" means the content of Documents or Testimony.

i.    "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

2.    The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

3.    The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

4.    Any Documents, Testimony or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced.

5.    The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

a.    For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Materials.

b.    For Testimony given in depositions the Designating Party may either:

    i.    identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

1101088450\5\AMERICAS

ii.     designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

c.     For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

6.     The inadvertent production by any of the undersigned Parties or non-Parties to the Proceeding of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within ten (10) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" designated materials. Should the receiving Party choose to destroy

such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the Inadvertent Production Notice. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

7.     In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objections applicable to such material.

      Pursuant to Federal Rules of Evidence 502(d) and (e), disclosure (including production) of information by a Party or nonparty that the producing Party or nonparty later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or

work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, the attorney-client privilege, work product doctrine, or other protection or immunity from discovery in this or any subsequent state or federal proceeding pursuant to Federal Rule of Evidence 502 regardless of the circumstances of disclosure.

Upon discovery of the production of Privileged Information, a producing Party may promptly request the return of such materials. Upon a request from a producing Party, the receiving Party shall either return such Privileged Information or discovery material and all copies to the producing Party or certified that these have been destroyed within seven (7) calendar days of receiving the request. If the receiving Party later identifies work product derived from the inadvertently or mistakenly produced discovery material, the receiving Party shall immediately notify the producing Party and certify that the derivative work product has been destroyed. No such Privileged Information may be used in evidence unless the claim of privilege is contested and the Court rules that the information is not privileged. The failure of any Designating Party to provide such notice or instructions shall not constitute a waiver of, or estoppel as to, the attorney-client privilege, work product doctrine, or other protection or immunity from discovery in this or any subsequent state or federal proceeding pursuant.

8.     Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

a.     the Court and Court personnel;

b.     Plaintiff and Defendant;

c.     Attorneys of record in the Proceeding and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceeding and are not employees of any Party;

d.     those officers, directors, partners, members and employees of all non- designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such

1101088450\5\AMERICAS

officer, director, partner, member or employee, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

e.       Independent copy and litigation support services solely for purposes of making copies, preparing exhibits or otherwise assisting in the preparation of discovery or trial materials for use in the action;

f.       Nonparty experts or consultants, including their secretarial and clerical personnel, retained to assist counsel of record in this Proceeding.  Such nonparty expert or consultant must, prior to receiving Confidential Materials, execute the form attached hereto as Exhibit A.

g.       Court reporters involved in transcribing depositions or other out-of-court proceedings in this Proceeding, and videographers involved in recording depositions, provided that they agree to be subject to the terms of this Stipulation and Protective Order and provided that they are supplied Confidential Materials only to the extent necessary to perform their duties;

h.       The trial judge will decide how jurors receive Confidential Materials and view the materials; and

i.       Vendor(s) of the Parties, to the extent necessary to obtain relevant Documents and Information;

j.       Witnesses who are deposed in this action or who are called as witnesses at any hearing in this action, but only (1) in preparation for the deposition or hearing, or (2) during the deposition or hearing, and only under the following circumstances:

(i)       any witness may be shown material in which the witness is identified as an originator, signatory, author, addressee, or recipient of the original or a copy, and may be questioned concerning the material;

(ii)       any witness selected by a Designating Party to provide testimony pursuant to Federal

Rule of Civil Procedure 30(b)(6) may be shown that party's Confidential Materials, and may be questioned concerning the material; and

(iii)    Each witness recipient of material designated as Confidential shall maintain such material in a secure, safe manner and exercise reasonable care and precautions with respect to the storage, custody, use and dissemination of such material.

9.    Excluding the Court and its staff, Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

10.    Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

11.    Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

a.    operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

b.    prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

i.    to seek a determination by the Court of whether any particular Confidential Materials should be subject to protection as "Confidential" under the terms of this Stipulation and Protective Order; or

ii.    to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, material or Information.

12.    Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of

the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

13.    Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as a consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

14.    If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

15.     Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

16.     If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

17.     This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

18.     Where any Confidential Materials, or Information derived from Confidential Materials, is included in any motion or other proceeding governed by Federal or local rule, the Party shall follow those rules. With respect to discovery motions under Local Rule 37-1 or the Magistrate Judge's online procedures for informal discovery conferences, Confidential Materials or Information derived from Confidential Materials shall be accompanied by a sealing application under Local Rule 79-5.

19.     The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

20.     Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Privileged Information.

21.     This Stipulation and Protective Order shall continue to be binding after the conclusion of this

Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order.

22.     Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition, (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

23.     After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

24.     The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein. This Stipulation and

1101088450\5\AMERICAS

1  Protective Order may be executed in counterparts.

2

3  Respectfully submitted,

4

5  Dated: May 14, 2024                    **LEXICON LAW, PC**

6

7                                         By: */s/ Scott D. Owens*
                                          John R. Habashy, Esq. (SBN 236708)
8                                         Scott D. Owens, Esq. (*Pro Hac Vice*)

9

10 Dated: May 14, 2024                    **SQUIRE PATTON BOGGS LLP**

11                                        By: */s/ Hannah Makinde*
                                          Amy Brown Doolittle
12                                        Petrina McDaniel
                                          Hannah Makinde
13                                        Shing Tse

14

15                          **ORDER**

16 **GOOD CAUSE APPEARING,** the Court hereby approves this Stipulation and Protective Order.

17

18 **IT IS SO ORDERED.**

19

20 Dated: May 14, 2024                    *Karen E. Scott*
                                          _____
21
                                          THE HONORABLE KAREN E. SCOTT
22                                        UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

1101088450\5\AMERICAS

# EXHIBIT A

## CERTIFICATION RE: CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____[NAME],

_____ [POSITION AND EMPLOYER], am

about to receive Confidential Materials supplied in connection with the Proceeding, *Anthony Kamel v. Albertsons Companies Inc, a Delaware corporation*, United States District Court for the Central District of California, Case No: 8:24-cv-00270-CJC-KES.  I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding.  I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order.  I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Stipulation and Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such materials will be returned to counsel who provided me with such materials.

I declare under penalty of perjury, under the laws of the State of _____, that the foregoing is true and correct.

Executed this ___ day of _____, 2024, at _____.

DATED: _____

BY:_____
   Signature

_____
   Title

_____
   Address

_____
   City, State, Zip

_____
   Telephone Number

1101088450\5\AMERICAS